UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

v.

WILLIAM PERELDA,
                      Defendant.
------------------------------------------------------------x

**ORDER**

S1 17 CR 559 (VB)

Copies Mailed/Faxed 2/7/22
Chambers of Vincent L. Briccetti

       By motion dated December 21, 2021, defendant William Perelda seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), principally because he claims to be at risk of severe complications from COVID-19 if he were to contract the disease. This is defendant's second such motion. His first motion was denied by Order dated June 21, 2021.

       For the reasons set forth below, the instant motion is DENIED.

       Between 2014 and February 2017, Perelda distributed more than five kilograms of cocaine to numerous individuals who then redistributed the cocaine in and around Newburgh, New York. Law enforcement also made numerous controlled buys of cocaine from Perelda, and recovered more than 600 grams of cocaine from a concealed trap in Perelda's car on the day of his arrest. Perelda engaged in this conduct after re-entering the United States following his deportation after being convicted of felony drug and weapons offenses. Perelda pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, as well as to illegally re-entering the United States after previously being removed. His Guidelines sentencing range was 78 to 97 months' imprisonment.

       In imposing a within-Guidelines sentence of 78 months' imprisonment, the Court carefully considered all of the factors set forth in 18 U.S.C. § 3553(a). The Court emphasized the fact that Perelda was a major drug dealer who engaged in drug trafficking not to support his own drug habit but rather to make a lot of money, and that he had committed this offense after illegally re-entering the United States following previous felony drug and weapons convictions. The Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

       The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the instant motion, Perelda's principal argument is that he is obese and has diabetes, high blood pressure, and elevated cholesterol, all of which make him vulnerable to severe illness from COVID-19, even though he has been fully vaccinated.

       The Court finds Perelda has not demonstrated extraordinary and compelling reasons warranting a reduction of his lawfully imposed prison sentence, and that even if he did, consideration of the Section 3553(a) factors counsels strongly against his release.

First, Perelda has been fully vaccinated against COVID-19, which greatly diminishes the likelihood that he will suffer severe complications if he contracts the disease, notwithstanding his underlying medical conditions. Thus, those conditions do not constitute extraordinary and compelling reasons warranting an early release.

Moreover, the extremely serious nature of Perelda's offenses, especially in light of his significant criminal record, warranted a lengthy prison sentence at the time it was imposed. The sentence was designed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. And because Perelda illegally re-entered the United States after being deported following convictions for felony drug and weapons offenses, and thereafter engaged in large scale drug trafficking, his risk of recidivism remains extremely high. In short, the sentencing factors that supported the sentence at the time it was imposed continue to weigh strongly against Perelda's early release.

Accordingly, defendant William Perelda's motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

William Perelda, Reg. No. 78710-054
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV  26525

Dated: February 7, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge